**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4321**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

JOAN MANZANARES SOLIS, a/k/a Johan Manzanares Solis, a/k/a
Carlos Torres Castaneda,

         Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L.
Voorhees, District Judge.  (5:12-cr-00021-RLV-DCK-1)

Submitted:  February 26, 2014      Decided:  March 10, 2014

Before DUNCAN and FLOYD, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN,
Winston-Salem, North Carolina, for Appellant.  Amy Elizabeth
Ray, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joan Manzanares Solis appeals his sentence of fifteen months in prison after pleading guilty to illegal reentry of a deported alien subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). Solis's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether his sentence is unreasonable. Solis was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a criminal sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). First, we consider whether the district court committed any significant procedural error, such as improperly calculating the Guidelines range, failing to consider the sentencing factors under 18 U.S.C. § 3553(a) (2012), or failing to adequately explain the sentence. United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013). If the sentence is procedurally reasonable, we then consider its substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly calculated

2

Guidelines range is substantively reasonable. <u>United States v. Susi</u>, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court must first correctly calculate the defendant's sentencing range under the Sentencing Guidelines. <u>Allmendinger</u>, 706 F.3d at 340. The district court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a) (2012). <u>Allmendinger</u>, 706 F.3d at 340.

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. <u>United States v. Carter</u>, 564 F.3d 325, 328, 330 (4th Cir. 2009). In explaining the sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007). While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Solis's sentence is reasonable. The district court properly calculated his Guidelines range and reasonably determined a sentence at the

low end of the range, to run consecutively to his six-month sentence for violating his supervised release on a prior federal conviction, was appropriate in this case. The district court explained that it sentenced Solis at the low end of his Guidelines range based on his arguments. However, the court denied his request for a concurrent sentence because it would not serve the purposes of sentencing, and a consecutive sentence was appropriate based on his repeated offenses and disregard for the law. On appeal, Solis contends his sentence is procedurally unreasonable, because the district court "failed to provide an individualized assessment of the applicable 18 U.S.C. § 3553(a) factors considered in imposing the chosen sentence." However, our review of the record convinces us that the district court considered the § 3553(a) factors and rendered an individualized assessment based on the particular facts of this case.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court

4

for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED